IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| NATIONAL STEEL AND, SHIPBUILDING COMPANY, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 05-479C (Judge Braden) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

ANSWER AND COUNTERCLAIM

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. Denies the allegations contained in paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth.

2. Admits that plaintiff National Steel and Shipbuilding Company ("NASSCO") performed the contract at issue; otherwise denies the allegations contained in paragraph 2 for lack of knowledge or information sufficient to form a belief as to their truth.

3. Admits.

4. Admits that the contracting officer denied a claim submitted by NASSCO in the amount stated; otherwise the allegations contained in paragraph 4 constitute conclusions of law and NASSCO's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

5. Admits the date of issuance of the contracting officer's final decision; otherwise the allegations contained in paragraph 5 constitute conclusions of law and NASSCO's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

6. Admits the allegations contained in paragraph 6 to the extent supported by the contract cited, which is the best evidence of its contents, otherwise denies the allegations contained in paragraph 6.

7. Admits the allegations contained in the first and second sentences of paragraph 7. Admits the allegations contained in the third sentence of paragraph 7 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in the third sentence of paragraph 7.

8. Admits that NASSCO delivered and NAVSEA accepted the ships; otherwise denies the allegations contained in paragraph 9.

9. The allegations contained in paragraph 9 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

10. The allegations contained in paragraph 10 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

11. Admits the allegations contained in paragraph 11 of the complaint to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 11.

12. Admits the allegations contained in paragraph 12 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 12.

13. The allegations contained in paragraph 13 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 13.

14. The allegations contained in paragraph 14 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the cited contract provisions, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 14.

15. The allegations contained in paragraph 15 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the contract cited, which is the best

evidence of its contents; otherwise denies the allegations contained in paragraph 15.

16. The allegations contained in paragraph 16 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 16.

17. The allegations contained in paragraph 17 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 17.

18. The allegations contained in paragraph 18 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 18.

19. The allegations contained in paragraph 19 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the cited contract and FAR provisions, which

are the best evidence of their contents; otherwise denies the allegations contained in paragraph 19.

20. Admits that NAVSEA did not pay the invoice submitted by NASSCO on July 28, 2003, and that NASSCO submitted a certified claim; otherwise admits the first sentence of paragraph 21 to the extent supported by the cited document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 20.

21. Admits the issuance of a contracting officer's final decision on April 23, 2004, denying NASSCO's claim; otherwise the allegations contained in paragraph 19 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

22. The allegations contained in paragraph 22 of the complaint are conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

COUNT I

23. Defendant incorporates by reference its responses to paragraphs 1-20 above.

24. The allegations contained in paragraph 24 of the complaint are conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

25. The allegations contained in paragraph 25 of the complaint are conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

26. The allegations contained in paragraph 26 of the complaint are conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

27. The allegations contained in paragraph 27 of the complaint are conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

COUNT II

28. Defendant incorporates by reference its responses to paragraphs 1-20 above.

29. The allegations contained in paragraph 29 of the complaint are conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

30. Denies that NASSCO is entitled to the relief requested in the prayer for relief following paragraph 29, or to any relief whatsoever.

31. Denies each and every allegation not previously admitted or otherwise qualified.

FIRST AFFIRMATIVE DEFENSE

As an affirmative defense, defendant states that NASSCO has released this claim by virtue of modification P00063 dated June 14, 1996. In this modification, NASSCO released all claims relating to events which NASSCO knew about or should have known about as of the date of the modification. NASSCO had delivered all three ships by the date of this modification and, therefore, knew or should have known by June 14, 1996 of its alleged entitlement to an additional payment based upon an aggregate pricing method.

COUNTERCLAIM

1. In 1987, the Naval Sea Systems Command ("NAVSEA") and National Steel and Shipbuilding Company ("NASSCO") entered into contract N00024-87-C-2002. Pursuant to the contract, NASSCO agreed to design and construct one fast combat support ship, AOE 6 Class. The contract contained three options which provided for the design and construction of up to three additional ships. NAVSEA later exercised two of the options, but did not exercise the third option.

2. The contract contained separate target prices, target profits, and ceiling prices for each ship. During the course of most of its performance, NASSCO submitted invoices to NAVSEA which reflected separate target prices, target profits, and ceiling prices for each ship.

3. NASSCO completed its performance of the first two ships at amounts above the ceiling price for each ship. It completed the third ship at an amount lower than the ceiling price.

4. NASSCO first proposed its aggregate pricing method at 100 percent completion when it submitted its 141st of 142 invoices for the third ship. An aggregate pricing method would have been unfavorable to NASSCO in certain circumstances. However, since NASSCO had lost money on the first two ships but had made a profit on the third, an aggregate pricing method would allow it to recover some of its losses on the first two ships.

5. By final decision dated April 23, 2004, the contracting officer rejected NASSCO's certified claim for $1,218,459. The contracting officer determined that Congress had appropriated separate funds for each ship, with funding for each ship in different fiscal years. The contracting officer further determined that the contract contained no aggregate total ceiling price as NASSCO claimed, but rather contained separate ceiling prices for each ship. Finally, the contracting officer noted that NASSCO's position was contrary to the parties practice for most of the performance period in that NASSCO did not attempt to change its billing to reflect an aggregate method of pricing until 100-percent completion when it submitted its 141st of 142 invoices for the third ship.

6. The contracting officer determined that NASSCO had already overbilled and received payment from NAVSEA in the amount of $1,231,637 for the AOE-8. From this amount the contracting officer subtracted $265,841 that NASSCO was due for the AOE-6, and $65,261 that NASSCO was due for the AOE-7. Thus, the contracting officer determined that NASSCO must refund NAVSEA $900,535.

WHEREFORE, defendant respectfully requests the court to dismiss the complaint, to enter judgment in favor of defendant upon defendant's counterclaim in the amount of $900,535, plus interest as permitted by law, and to grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/Michael N. O’Connell
MICHAEL N. O'CONNELL
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
(202) 307-0286
(202) 514-8624 (fax)

June 20, 2005 Attorneys for Defendant

Certificate of Filing

I hereby certify that on this 20th day of June, 2005, a copy of the foregoing answer was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Michael N. O'Connell