ELECTRONICALLY FILED ON JULY 11, 2005

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **NATIONAL STEEL AND SHIPBUILDING COMPANY,**<br>**2798 Harbor Drive,**<br>**San Diego, CA 92113**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**THE UNITED STATES OF AMERICA,**<br><br>**Defendant.** | ) | **No. 05-479C**<br>**(Judge Braden)** |

**REPLY TO DEFENDANT'S ANSWER AND COUNTERCLAIM**

Plaintiff, National Steel and Shipbuilding Company ("NASSCO"), through its undersigned counsel, submits this Reply to the Answer and Counterclaim asserted by defendant United States of America ("United States" or "defendant") as follows:

**COUNTERCLAIM**

1. Admits.

2. To the extent that the allegations in paragraph 2 may be deemed allegations of fact, NASSCO denies defendant's characterization of the contents of unidentified terms of the contract and unidentified NASSCO invoices, which are themselves the best evidence of their contents. NASSCO denies the characterization of the contract contained in paragraph 2 as incomplete; avers instead that the contract contained separate target costs, target prices, target profits, and ceiling prices, and included other miscellaneous CLINs associated with each ship. NASSCO otherwise denies the allegations contained in paragraph 2.

3. Admits that NASSCO completed its performance of the first two ships with incurred costs above the ceiling prices described in Section B of the contract, as amended by

modifications. Denies that NASSCO "completed the third ship at an amount lower than the ceiling price;" avers instead that NASSCO completed its performance of the third ship below the ceiling price identified for it in Section B of the contract, as amended by modifications.

4. NASSCO does not have sufficient information to admit or deny defendant's allegation that NASSCO first proposed its aggregate pricing method at 100 percent completion when it submitted its 141st of 142 invoices for the third ship; therefore NASSCO denies that invoice 141 for AOE 8 was the first time that NASSCO proposed an aggregate pricing method; NASSCO avers instead that the contract supports an aggregate pricing approach, which would not be legally relevant until the contract total "final price" was determined. NASSCO has insufficient information to admit or deny defendant's speculative statement, "An aggregate pricing method would have been unfavorable to NASSCO in certain circumstances," so therefore denies defendant's allegation. Denies defendant's allegation that NASSCO lost money on the first two ships and made a profit on the third, thus allowing NASSCO to recover some of its losses; avers instead that total final losses and profits are calculated on an aggregate contract-wide basis, therefore total final losses and profits would not be determined until after final acceptance of the ships.

5. Admits that the contracting officer rejected NASSCO's certified claim by a final decision dated April 23, 2004; otherwise the allegations contained in paragraph 5 are defendant's characterization of the contracting officer's final decision, which is itself the best evidence of its contents, and to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

6. Admits that NASSCO received payments in the amount of $900,535 that would have to be credited to NAVSEA but for NASSCO's entitlement to $2,118,994 for completion of

the contract. Denies that NASSCO owes $900,535 to NAVSEA, avers instead that this amount should be applied as an offset to NASSCO's entitlement; therefore, the balance due to NASSCO remains $1,218,459.

**FIRST AFFIRMATIVE DEFENSE**

NASSCO denies that the modification P00063, dated June 14, 1996, operates to bar NASSCO's claim. By June 14, 1996, the United States had not finally accepted the three ships, AOE 6, AOE 7, and AOE 8, nor had NASSCO received notice from the government that it objected to NASSCO's aggregate pricing approach. By June 14, 1996, NASSCO was not aware, and could not have been aware, that defendant disagreed with NASSCO's aggregate pricing approach permitted under the contract.

**PRAYER FOR RELIEF**

WHEREFORE, NASSCO respectfully requests that the Court deny defendant's Counterclaim and enter judgment in its favor and against defendant granting the following relief:

(a) damages for breach of contract in the amount of $1,218,459, or such other amount as may be determined at trial;

(b) applicable interest under the Contract Disputes Act of 1978, as amended;

(c) such costs, expenses, and attorneys' fees as are available under applicable law; and

(d) any such other relief as the court may deem just and proper.

Date: July 11, 2005

Respectfully submitted,

s/ David A. Churchill by s/ Heather M. Trew
David A. Churchill
JENNER & BLOCK LLP
Suite 1200

601 Thirteenth Street, NW
Washington, D.C. 20005
(202) 639-6000
(202) 637-6370 (fax)

Of Counsel:

Edward Jackson
Heather M. Trew
JENNER & BLOCK LLP
Suite 1200
601 Thirteenth Street, NW
Washington, D.C. 20005

Lane L. McVey
Vice President, Business Affairs and Law
NATIONAL STEEL AND
SHIPBUILDING COMPANY
2798 East Harbor Drive
San Diego, CA 92113