**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **NATIONAL STEEL AND SHIPBUILDING COMPANY,** | ) | |
| **Plaintiff,** | ) | **No. 05-479C** **(Judge Braden)** |
| **v.** | ) | |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to Rule 16 and Appendix A of the Rules of the United States Court of Federal Claims ("RCFC"), plaintiff, National Steel and Shipbuilding Company ("NASSCO") and defendant, the United States, respectfully submit the following joint preliminary status report:

a. **Does the Court have jurisdiction over this action?**

Plaintiff states that jurisdiction is conferred upon this Court pursuant to the Contract Disputes Act, as amended, 41 U.S.C. §§ 601-613 (2000).

At the present time, defendant questions the Court's jurisdiction to consider this action only with respect to count II of the complaint, entitled "Unjust Enrichment" because the Court lacks jurisdiction to consider claims based upon contracts implied in law.

b. **Should the case be consolidated with any other case?**

No.

c. **Should the trial of liability and damages be bifurcated?**

No.

d. **Should further proceedings in this case be deferred pending consideration of another case before this Court or any other tribunal?**

No.

e. **Will a remand or suspension be sought and proposed duration?**

No.

f. **Will additional parties be joined?**

No.

g. **Does either party intend to file a motion pursuant to RCFC 12(b), 12(c), or 56 and, if so, what is a proposed schedule for the intended filing?**

Plaintiff does not intend to file any such motion at this time, at least not before discovery has been conducted on various subjects addressed below. Plaintiff may file a motion for summary judgment at the close of discovery.

Defendant believes that it is likely that it will file a motion for summary judgment after the close of discovery.

h. **What are the relevant factual and issues?**

Plaintiff states that the ultimate issue is one of contract interpretation. Plaintiff entered into and performed under a fixed-price incentive (firm target) contract with the government for the construction of ships. Plaintiff contends that the contract language permits the final price redetermination and payment for all three ships to be calculated on a single, contract-wide, aggregate basis. Plaintiff seeks a determination of the payment amount it is entitled to receive, plus interest, in final settlement of the subject contract.

Plaintiff denies that it waived its claim. Final acceptance by the Government of the three ships occurred on June 8, 2000. Only after completion of contract performance did NASSCO submit a final invoice for all three ships, on July 28, 2003. NASSCO signed contract

modification P00063 on June 14, 1996, but denies that this modification operates as a waiver of its claim. As the ships were interim billed individually up until the final price redetermination, NASSCO could not possibly have known that the Government would object to NASSCO's aggregate billing approach for the entire contract pursuant to the final price redetermination at the time it signed modification P00063.

Defendant agrees that this matter is in large part one of contract interpretation. The contract at issue provided for the construction of one fast combat support ship, with options for up to three additional ships. The Navy exercised options for two additional ships. The contract contained separate target cost, target profit, target price, and ceiling price for each of the three ships. Each ship was funded by separate fiscal year appropriations (1987, 1989, and 1990, respectively) through the Shipbuilding and Conversion, Navy account (SCN). During the course of performance, NASSCO invoiced each ship separately. NASSCO and the Navy also allocated price increases on a vessel by vessel basis. NASSCO first raised its aggregate pricing method at 100-percent completion of the third ship, more than nine years after contract award.

Defendant states that the separate pricing for each ship in the contract bars NASSCO's aggregate pricing approach. The aggregate pricing is further barred by the separate funding by Congress of each ship, in that it would require the Navy to expend funds obligated for one ship to reimburse NASSCO for another ship.

Finally, defendant states that NASSCO has waived this claim. In contract modification P00063 dated June 14, 1996, twelve days before NASSCO raised its aggregate pricing approach in an invoice for the first time, NASSCO released all claims relating to events which NASSCO knew about or should have known about as of the date of the modification.

i. **<u>What is the likelihood of settlement? Is ADR contemplated?</u>**

The parties have not agreed to alternative dispute resolution. <u>Plaintiff</u> is prepared to discuss potential ADR opportunities at any time. <u>Defendant</u> believes that it is too soon to determine if ADR is appropriate.

j. **Do the parties anticipate proceeding to trial? Does any party, or do the parties jointly, request expedited trial scheduling? What is the requested <u>place of trial?</u>**

The parties do not request expedited trial scheduling. A trial may be necessary to resolve factual disputes and the measure and/or quantum of damages. If a trial is necessary, the trial should be held in Washington, D.C.

k. **<u>Are there special issues regarding electronic case management needs?</u>**

No.

l. **Is there any other information of which the Court should be aware at this <u>time?</u>**

No.

m. **<u>What is the proposed discovery plan?</u>**

<u>Plaintiff</u> states that it anticipates the need for discovery. At this time, Plaintiff believes it will need discovery from the Defendant with respect to the following issues:

1) The Government's contemporaneous understanding and interpretation of the contract terms, and its interpretation on other contracts;

2) The regulatory history of FAR 16.403-1, FAR 16.204, and FAR 52.216-16

3) The Government's counterclaim including the Government's contemporaneous understanding of Plaintiff's invoicing for purposes of final price redetermination.

Plaintiff reserves the right to supplement this non-exhaustive list of potential discovery topics as further facts come to light.

Defendant agrees that discovery will be necessary.

Proposed Discovery Deadlines

| Date | Event |
|---|---|
| 8/31/06 | Conclusion of all non-expert discovery |
| 9/29/06 | Disclosure of expert reports |
| 10/31/06 | Conclusion of expert depositions |

Respectfully submitted,

s/David A. Churchill
David A. Churchill
JENNER & BLOCK LLP
Suite 1200
601 Thirteenth Street, N.W.
Washington, DC 20005
Telephone: (202) 639-6000
Fax: (202) 637-6370

Attorney for Plaintiff

Of Counsel:
Edward Jackson
Heather M. Trew
JENNER & BLOCK LLP
Suite 1200
601 Thirteenth Street, NW
Washington, DC 20005
Telephone: (202) 639-6000
Fax: (202) 637-6370

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/Michael N. O'Connell
MICHAEL N. O'CONNELL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L St., NW
Washington, DC 20530
Tel. (202) 307-0282